UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL McDANIEL )
(A/K/A, MARK SMITH), and )
JAMIE J. FAULKNER, )
 )
       Plaintiffs, )
 )
   v. ) No. 4:05CV01119 ERW
 )
MICHAEL J. SCEGO, et al., )
 )
       Defendants. )

## ORDER AND MEMORANDUM

This matter is before the Court upon the applications of Michael McDaniel (a/k/a Mark Smith) (registration no. OR00075565) and Jamie J. Faulkner (registration no. C1813242), prisoners at the Cit of St. Louis's Medium Security Institution (MSI), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the applicants do not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee on plaintiff McDanial of $1.80 and an initial partial filing fee on plaintiff Faulkner of $2.92. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing

a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant Faulkner has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $87.50, and an average monthly account balance of $0. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $14.58, which is 20 percent of applicant's average monthly deposit.

Applicant McDaniel has submitted an affidavit and a

certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $9.00, and an average monthly account balance of $26.24. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $1.80, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal

construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The
Court must also weigh all factual allegations in favor of the
plaintiff, unless the facts alleged are clearly baseless.  Denton
v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes,
416 U.S. 232, 236 (1974).

**The complaint**

Plaintiffs seek to suppress the introduction of a
"dispatch report" into evidence in connection with a criminal
case currently pending against them in state court.  Plaintiffs
also seek monetary relief for alleged violations of their
constitutional rights.   Named as defendants are Michael J.
Scego, Daniel P. Early, Lorenzo Clark, Levaughn Smart, Joe Mokwa,
and "Unknown Commander of the Mobile Reserve Department."

Liberally construing the complaint, plaintiffs are
currently facing drug charges in state court following their
arrest on February 25, 2005, at or near 4420 Kennerly Avenue on
the basis of outstanding arrest warrants.  Plaintiffs contend
that two other persons were arrested with them.  Plaintiffs
allege, however, that defendant Scego's police report of the
incident "never mentions" these other two persons.  Additionally,
plaintiff Faulkner claims that "[t]he report belies the truth
from the beginning to end."  Plaintiff Faulkner asserts "there
was no probable cause for the initial stop."

**Discussion**

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). To the extent that plaintiffs seek an order from this court preventing the introduction of the "dispatch report" in the pending state criminal proceeding, proper respect for federal-state comity dictates that this Court abstain from addressing this claim. See Younger v. Harris, 401 U.S. 37 (1971) (longstanding policy against federal court interference with state court proceedings); Bonner v. Circuit Court of the City of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975). Plaintiffs should first present their suppression claim to the state courts - which may (or may not) grant them the relief they seek.

To the extent that plaintiffs seek damages based on defendant Scego's allegedly false account of the incident, their claim appears to be barred under Heck v. Humphrey, 512 U.S. 477, 486-80 (1994). See Jayne v. Kozak, 10 F.Supp. 1032, 1035 (C.D. Ill. 1998) (where plaintiff alleges that defendant police officer's account of incident is false, then claim is barred under Heck). In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

5

> determination or called into question by a
> federal court's issuance of a writ of habeas
> corpus.

Heck, 512 U.S. at 486-87. The Supreme Court further directed that when reviewing a state prisoner's § 1983 complaint for damages this Court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487.

The rationale of Heck concerning a post-conviction § 1983 claim for damages applies equally to a pre-conviction § 1983 claim for damages that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge. If such a pre-conviction § 1983 claim could proceed while state criminal proceedings are ongoing, then there would be the potential for inconsistent determinations in the civil and criminal cases. Plaintiffs, for example, could use a favorable determination in their § 1983 civil action to collaterally attack an adverse decision in their state criminal case. In terms of the harm that Heck sought to avoid, there is no difference between a conviction which is outstanding at the time the civil rights action is instituted and a potential conviction on a pending charge that may be entered at some point after the civil rights action is instituted.

In the case at hand, plaintiffs effectively claim that they are actually innocent of the pending criminal charges and that their arrest and subsequent detention on these allegedly false charges is a violation of their civil rights. A favorable determination on plaintiffs's § 1983 claim would necessarily imply the invalidity of a potential conviction on their pending criminal charge. Therefore, plaintiffs's complaint should be dismissed for failing to state a claim on which relief may be granted. See Harvey v. Waldron, 210 F.3d 1008, 1013-16 (9th Cir. 2000); Beck v. Muskogee Police Dep't, 195 F.3d 553, 556-59 (10th Cir. 1999); Shamaiezadeh v. Cunigan, 182 F.3d 391, 394-99 (6th Cir. 1999); Covington v. New York, 171 F.3d 117, 121-24 (2nd Cir. 1999); Washington v. Summerville, 127 F.3d 552, 555-56 (7th Cir. 1997).

Finally, plaintiffs have failed to allege how defendants Early, Clark, Smart, Mokwa and Unknown Commander were directly and personally responsible for the acts that allegedly caused them injury. Consequently, plaintiffs's claims against defendants Early, Clark, Smart, Mokwa, and Unknown Commander should be dismissed. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly

7

responsible for incidents that injured plaintiff); Glick v. Sargent, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits).

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiffs's motions to proceed in forma pauperis [Docs. #7 and #8] are **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff Faulkner shall pay an initial partial filing fee of $2.92 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the plaintiff McDaniel shall pay an initial partial filing fee of $1.80 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C.

§ 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

So Ordered this 18th Day of January, 2006.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE